UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

JUNILSHOM GREGORIO FRIETES RUIZ,

                    Petitioner,                    **MEMORANDUM & ORDER**
                                                     26-CV-1717 (EK)

          -against-

RAUL MALDONADO, JR., in his official
capacity as Warden of Brooklyn
Metropolitan Detention Center et al.,

                    Respondents.

------------------------------------x
ERIC KOMITEE, United States District Judge:

          Junilshom Gregorio Frietes Ruiz petitioned this Court

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing

that he was wrongfully detained pursuant to 8 U.S.C.

§ 1225(b)(2)(A) and, accordingly, was entitled to a bond hearing

under 8 U.S.C. § 1226(a).  On March 24, the Court ordered the

government to give petitioner a bond hearing by April 7 or

otherwise release him.  ECF No. 5.  On April 7, petitioner was

given a bond hearing, at which the Immigration Judge set bond at

$12,000.  ECF No. 10.  Petitioner posted bond and was released

from custody.  ECF No. 12, at 2.  Petitioner now claims he was

denied due process at the hearing because the IJ did not allow

his attorney to present certain arguments when determining his

bond.  ECF Nos. 11, 12.

This Court has jurisdiction to review whether petitioner has "received the due process to which he [is] entitled" pursuant to the Court's prior order, *see Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020), but not to review the IJ's weighing of the evidence presented. 8 U.S.C. § 1226(e). Although Section 2241 habeas corpus relief is generally available only to those "in custody," 28 U.S.C. § 2241(c)(3), individuals released on bond remain in custody for purposes of the statute. *Hensley v. Mun. Ct.*, 411 U.S. 345, 349 (1973).

The regulations implementing Section 1226 of the INA set forth what a noncitizen must establish at a bond determination. The noncitizen "must demonstrate to the satisfaction of the [IJ] that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding. Such an [IJ] may also, in the exercise of discretion, release" the noncitizen if warranted. 8 C.F.R. § 236.1(c)(8); *accord Velasco Lopez*, 978 F.3d at 849. "The determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or the Service." 8 C.F.R. § 1003.19(d). The due process clause requires that the immigration judge "function as a

neutral, impartial arbiter" in making this determination. *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006).

Frietes Ruiz contends that the IJ made certain statements indicating that she "had already made a decision on bond without the benefit of any argument," thereby violating his due process rights. ECF No. 12, at 2-3. At various points in the hearing, the IJ told petitioner's lawyer, "I don't really need any arguments from you, Ms. Sm[y]th," "I think you submitted everything I need," and "You don't need to respond, Ms. Sm[y]th." Hr'g Tr. 2, ECF No. 12-2.

Taken in context, the challenged statements are insufficient to establish a due-process violation. Petitioner's attorney had, prior to the hearing, submitted "60 pages of evidence" designed to show that Frietes Ruiz was not a flight risk, ECF No. 11, at 2, and the record reveals the IJ's familiarity with this material. *See, e.g.*, Hr'g Tr. 2 (showing familiarity with petitioner's sponsor), 3 (discussing twelve letters attesting to his character). The IJ also stated her reasons for setting bond at the level she did — most prominently, because the petitioner received meaningful compensation in his work as a window tinter, and the "more money he makes," the "higher the bond" needed to be (in her view) to function as an effective deterrent to flight. *Id.* at 4. After

issuing her decision, the IJ allowed petitioner's attorney to make arguments for the record on appeal. *See id.*

More broadly, it is well settled that adverse judicial rulings alone "almost never" constitute bias sufficient even to warrant disqualification, let alone constitute a due process violation. *Liteky v. United States*, 510 U.S. 540, 555 (1994). In the end, petitioner has not adequately alleged a due process violation.

In light of the foregoing, petitioner's request for further relief from this Court must be denied. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

        /s/ Eric Komitee

ERIC KOMITEE
United States District Judge

Dated: May 19, 2026
Brooklyn, New York